UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Henry Brewington and Virginia ) Civil Action No.: 4:17-cv-00387-RBH
Brewington, *individually and d/b/a* )
*Levelz Bar & Grill*, )
)
    Plaintiffs, )
)
v. ) **ORDER**
)
Melvina Devine Davis and )
City of Myrtle Beach, )
)
    Defendants. )
_____)

Plaintiffs Henry and Virginia Brewington filed this action in state court alleging their nightclub, Levelz Bar & Grill ("Levelz"), was unconstitutionally targeted by the City of Myrtle Beach ("the City") and others in a campaign designed to shut down undesirable businesses in the Myrtle Beach area. The City removed the action to this Court, and on January 8, 2019, the Court entered a summary judgment order dismissing the federal claims in this case, declining to exercise supplemental jurisdiction, and remanding all state law claims to state court. *See* ECF No. 104. The Clerk entered the judgment on January 9, 2019, and thirteen days later (January 22), Plaintiffs filed a motion entitled "Motion to Alter or Amend a Judgment or, in the Alternative, Relief from Judgment." *See* ECF No. 108. The City filed a response in opposition. *See* ECF No. 109. The Court denies Plaintiffs' motion for the reasons explained herein.[1]

## **Discussion**

Initially, the Court notes Plaintiffs invoke both Fed. R. Civ. P. 59(e) *and* Fed. R. Civ. P. 60(b)(2) in their motion. *See* ECF No. 108 at p. 1. The Fourth Circuit has repeatedly and "squarely held . . . that

---

[1] The Court decides the motion without a hearing pursuant to Local Civil Rule 7.08 (D.S.C.).

a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed *only under Rule 59(e)* if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 & n.11 (4th Cir. 2010) (emphasis added) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), *however it may be formally styled*." (emphasis added)); *see, e.g.*, *Abdul-Sabur v. Virginia*, 746 F. App'x 266, 266 n.* (4th Cir. 2018) ("Abdul-Sabur's motion seeking reconsideration of the dismissal order was filed within the 28-day period for filing a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and is properly treated as such."). Accordingly, the Court will analyze Plaintiffs' motion under Rule 59(e).[2]

Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017). A party may not use a Rule 59(e) motion to make arguments it could have made before judgment was entered. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "[M]ere disagreement does not support a Rule 59(e) motion," *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993), and "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*,

---

[2] In any event, Rule 60(b)(2) (invoked by Plaintiffs) concerns "newly discovered evidence," and a Rule 59(e) analysis accounts for "new evidence." *See Carter*, *infra*.

2

148 F.3d at 403. "[I]f a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal quotation marks omitted).

In their motion, Plaintiffs assert the Court erred in not allowing them more "time to provide the Court with additional evidence," namely a "new Affidavit provided by Natalie Trota-Litsey"[3] and attached to Plaintiffs' motion. ECF No. 108 at p. 2; *see* ECF No. 108-1 (affidavit). They contend that "[t]his Court failed to rule on [their] motion for an additional time to provide this information," which allegedly "constitutes strong evidence of tortious interference with a contract." ECF No. 108 at p. 2. Notably, Plaintiffs "*concede*[] that the acknowledgment by these Plaintiffs that their business was a nuisance[4] *is a complication to . . . proceeding on all causes of action except for tortious interference with a contract.*" *Id.* (emphases added).[5] Thus, Plaintiffs appear to seek reconsideration regarding only

---

[3] As previously explained, Ms. Litsey (whose full last name is apparently "Trota-Litsey") was the person who signed a contract of sale with Mr. Brewington agreeing to purchase Levelz. *See* ECF No. 104 at p. 4. Plaintiffs' state law claim for tortious interference with a contract asserted against the City was premised on the City's alleged interference with the contract of sale involving Ms. Litsey. *Id.* at p. 8.

[4] Plaintiffs are referring to the consent order issued by the state circuit court (and signed by their attorney and the Solicitor's attorney) wherein they agreed to close Levelz for one year and were enjoined from operating a public nuisance anywhere in South Carolina. *See* ECF Nos. 16-2 & 76-2.

[5] Plaintiffs make several assertions that lack merit. For example, they claim the City's motion for summary judgment "was ill advised," ECF No. 108 at p. 1, but of course the City had the right to file this motion pursuant to Fed. R. Civ. P. 56(a) and the Court's scheduling order setting a deadline for such a dispositive motion. *See* ECF No. 67 at ¶ 9. Plaintiffs also argue that "other cases have and shall be filed associated with the activities of Defendant City concerning this area of the City and the City's desires to 'change the nature of the area,'" that this "Federal Court is going to end up dealing with numerous, potentially up to seven, claims of this nature," and that "under those facts and circumstances it would behoove the Court to reconsider its ruling on Defendant's Motion for Summary Judgment." ECF No. 108 at pp. 1–2. However, the Court's ruling on the City's motion for summary judgment concerned *Plaintiffs' case*, not other unidentified cases. Moreover, Plaintiffs incorrectly argue "a scintilla of evidence is all that is required for this case to move forward" at the summary judgment stage. *Id.* at p. 2 (emphasis added). While the "mere scintilla" standard is the law in South Carolina state court, *see Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 802–03 (S.C. 2009), it is not the standard in federal court. *See Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999) ("A mere 'scintilla of evidence' is not sufficient to withstand a motion for summary judgment. Rather, the evidence must be such that the jury reasonably could find for the nonmoving party."); *see also* ECF No. 104 at pp. 9–10 (summarizing the summary judgment standard).

3

the disposition of their state law claim for tortious interference with a contract.

The Court first notes it did in fact rule on Plaintiffs' prior motion seeking additional time to conduct discovery, contrary to their contention above. In a lengthy footnote, the Court denied Plaintiffs' "Motion to Reopen Discovery for a Period of Sixty Days" because they failed to show good cause justifying modification of the discovery deadline. *See* ECF No. 104 at pp. 18–19 n.22. Importantly, the Court explained that even if good cause did exist, any additional discovery would not affect disposition *of Plaintiffs' federal/§ 1983 claims* because "'the continued maintenance of an illegal use or a public nuisance is not a protected property interest' and does not establish any 'constitutional claims to support a § 1983 action.'" *Id.* at p. 19 n.22 (quoting *Trobough v. City of Martinsburg*, 120 F.3d 262, 1997 WL 425688, at *3 (4th Cir. 1997) (collecting cases)).[6] For this same reason, the "new evidence" of the affidavit from Natalie Trota-Litsey (ECF No. 108-1)[7] does not affect the Court's prior ruling regarding Plaintiffs' federal/§ 1983 claims.[8]

Moreover, the Court notes Plaintiffs appear to have a misunderstanding of what claims were

---

[6] The Court noted this denial did not preclude Plaintiffs from making a similar request in state court after remand of their state law claims. ECF No. 104 at p. 19 n.22.

[7] This document is not notarized and technically does not qualify as an affidavit (or declaration) because it is undated and not made under penalty of perjury. *See* 28 U.S.C. § 1746 (Wherever, under any law of the United States or under any rule . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, *as true under penalty of perjury, and dated* . . . ." (emphasis added)). "Such a statement, lacking any indicia that the purported affiant swore or declared the information to be true under penalty of perjury, is not properly considered by the court on a motion for summary judgment." *Bradley v. S.C. Dep't of Corr.*, No. 3:08-cv-02510-JFA, 2010 WL 883729, at *4 (D.S.C. Mar. 5, 2010), *aff'd*, 385 F. App'x 345 (4th Cir. 2010).

[8] While the Court candidly and sincerely appreciates Plaintiffs' counsel working with and accommodating Attorney Moran during his illness, the simple point is that the proposed affidavit of Trota-Litsey would have no effect on the viability of the ***federal*** claims. That proposed affidavit may affect the claim for tortious inference with a contract, and Plaintiffs can pursue this issue in state court without being affected by the Court's summary judgment ruling (which, again, only adjudicated the merits of the ***federal*—not state law—claims**).

adjudicated on the merits by the Court. The Court only considered the merits of Plaintiffs' *federal*—not state—claims by concluding (1) they could not pursue a § 1983 action because they had effectively admitted to maintaining a public nuisance by entering into the consent order; (2) their individual due process, taking, and equal protection claims failed for additional reasons; and (3) they could not pursue a *Monell*[9] claim without a predicate constitutional violation.[10] *See* ECF No. 104 at pp. 12–18. Having reached these conclusions and having dismissed *only the federal/§ 1983 claims* on the merits, the Court declined to exercise supplemental jurisdiction over the state law claims. *See id.* at p. 18 (citing 28 U.S.C. § 1367(c)(3) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). In short, the Court did not reach the merits of Plaintiffs' state law claim for tortious interference with a contract—*instead, that claim was remanded to state court for further proceedings.*

Plaintiffs have not presented a basis for the Court to alter or amend the judgment pursuant to Rule 59(e), and therefore the Court will deny their motion.

### **Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion [ECF No. 108].

**IT IS SO ORDERED.**

Florence, South Carolina  
February 8, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[9] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[10] The Court also noted that to the extent Plaintiffs alleged the City violated the Contracts Clause of the United States Constitution, "'there is no cause of action available under § 1983 for violations of the Contract Clause.'" ECF No. 104 at p. 12 n.18 (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 641 n.6 (4th Cir. 2011)).